IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREGORY E. HICKEY**,<br><br>        Plaintiff,<br><br>    v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,<br><br>        Defendant. | Case No. 6:20-cv-01559-IM<br><br>**ORDER** |

**IMMERGUT, District Judge.**

      Plaintiff brought this action seeking review of the Commissioner's decision to deny his application for Disability Insurance Benefits ("DIB"). On March 22, 2022, this Court reversed the Commissioner's decision, concluding that the Administrative Law Judge ("ALJ") had erred (1) in concluding that Plaintiff was capable of "simple, routine tasks" despite a moderate limitation in concentration, persistence, or pace and (2) in reframing the limitation that Plaintiff must receive supervision in a normative fashion. ECF 19 at 19–21. This Court also held that the ALJ erred in failing to provide germane reasons for disregarding lay witness testimony, *id.* at 13–16, and in not addressing the consistency of certain medical opinions, *id.* at 22–25, but that

PAGE 1 – OPINION AND ORDER

these errors were harmless. Finally, this Court held that the ALJ did not err in evaluating Plaintiff's subjective symptom testimony or declining to acknowledge certain medical opinions. *Id.* at 7, 16.

Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF 21. Defendant opposes the motion, arguing that the fees request is unreasonably high in light of Plaintiff's limited success. ECF 22. Plaintiff seeks $11,364.93.[1] ECF 23 at 17. For the following reasons, Plaintiff's application is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $8,828.43 in EAJA fees, approximately 78 percent of Plaintiff's requested fees.

## DISCUSSION

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified or special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Although Congress did not intend to make fee shifting under EAJA mandatory, "EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Defendant does not dispute that Plaintiff was the prevailing party, does not raise the issue of substantial justification, and does not challenge Plaintiff's counsel's hourly rate. ECF 22 at 2. Rather, Defendant argues that a reduction in fee amount is warranted because of the limited nature of the remand and suggests that this Court reduce the requested hours from 46.4 hours to a maximum of 20 hours, yielding an EAJA award of $4,350.80. ECF 22 at 8. This would represent a 56.75 percent reduction in fees.

---

[1] Plaintiff originally sought $10,059.69 but requested an additional $1,305.24 for work done responding to Defendant's opposition. ECF 23 at 17.

PAGE 2 – OPINION AND ORDER

Even when Commissioner's position was not substantially justified, "[i]t remains for the district court to determine what fee is 'reasonable,'" and the burden is on the fee applicant to establish its entitlement to the fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (applying *Hensley* to EAJA fees).

This Court agrees with Defendant that a reduction in fees is warranted. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an [EAJA fee] award." *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (internal quotation marks omitted). Plaintiff raised six issues in his opening brief, but this Court only found harmful error on two, related to issues regarding the ALJ's formulation of the RFC.[2] On every other issue, this Court either found harmless error or no error at all. Moreover, this Court remanded the case only for reformulation of the RFC, a more limited remedy than Plaintiff's request of remand for an award of benefits.

But this Court does not agree with Defendant that such a drastic reduction in fees—56.75 percent—is warranted. After all, Plaintiff did obtain a remand for further proceedings, the "ultimate consequence" of which "could well *be* an award of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000); *see also Williams v. Astrue*, No. 1:10–cv–00194–CL, 2012 WL 3527224, at *4 (D. Or. June 26, 2012), report and recommendation adopted by 2012 WL 3527207 (D. Or. Aug. 15, 2012) (finding that a remand for further proceedings constituted an "excellent result"). And while the errors were harmless, Plaintiff correctly identified error in the ALJ's failure to address lay witness testimony and the consistency of certain medical testimony. To balance the limited nature of Plaintiff's victory—remand on a relatively narrow ground—

---

[2] Indeed, although Plaintiff presented the pace limitation and the normative instruction limitation separately, they were both tied to the ALJ's RFC formulation and this Court dealt with both issues simultaneously. *See* ECF 19 at 19–21.

PAGE 3 – OPINION AND ORDER

with the fact that Plaintiff did identify error in the majority of the issues, this Court reduces the fee award as follows:

    1. For the time entries between July 17, 2020 and October 12, 2020, no reduction is warranted. 3.5 hours at Plaintiff's counsel's 2020 rate of $207.78 yields an award of $727.23. ECF 21-1, Ex. 1, at 1, 3.

    2. For the time entries between April 21, 2021 and April 25, 2022, any hours spent on issues ultimately deemed harmless error or non-erroneous are halved. Accordingly, compensable hours are reduced from 39.2 hours to 29.75 hours. *See id.* at 1–3. 29.75 hours at Plaintiff's counsel's 2021 rate of $217.54 yields an award of $6,471.82.

    3. For the time entries between May 18, 2022 and June 18, 2022, time spent calculating and negotiating EAJA fees, the compensable hours are reduced from 3.7 to 2.81 hours, in proportion to the substantive work reduction. 2.81 hours at Plaintiff's counsel's 2021 rate of $217.54 yields a further award of $611.29.

    4. This Court added the above amounts to calculate a total EAJA fee award of $7,810.34, approximately 78 percent of Plaintiff's requested fee award.

    5. Plaintiff also requests $1,405.24 for the time spent litigating EJA fees, so-called fees for fee litigation. This Court notes that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990). But "fees for fees should be denied only for time spent defending rates that were reduced, whereas time spent defending rates that the Court ultimately finds reasonable [are] compensable." *Kenneth A. v. Berryhill*, No. 3:17-cv-01575-JR, 2019 WL 377613, at *7 (D. Or. Jan. 30, 2019). Because this Court awards Plaintiff fees under EAJA but reduces the amount by

PAGE 4 – OPINION AND ORDER

22 percent, this Court applies a commensurate reduction to the fees for fee litigation. 78 percent of $1,305.24 yields a further award of $1,018.09.

## CONCLUSION

Plaintiff's Application for Fees Pursuant to EAJA under 28 U.S.C. § 2412(d), ECF 21, is GRANTED IN PART and DENIED IN PART. In consideration of the number of issues raised on which Plaintiff prevailed, this Court awards Plaintiff $8,828.43, approximately 78 percent of Plaintiff's requested fees. Attorney fees and costs will be paid to Plaintiffs' attorneys, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorneys and mailed to Plaintiff's attorneys' office as follows: Drew L. Johnson, P.C., 1700 Valley River Drive, Suite 100, Eugene, OR 97401. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorneys' office at the address stated above.

**IT IS SO ORDERED**.

DATED this 15th day of August, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
